IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:04CR432 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND |
| | ) | |
| BRIAN M. DAVIS, | ) | RECOMMENDATION |
| | ) | |
| Defendant. | ) | |

On June 30, 2005, defendant Brian M. Davis (Davis), together with his counsel, William C. Bracker, appeared before the undersigned magistrate judge and was advised of the charges, the penalties and the right to appear before a United States District Judge. After orally consenting to proceed before a magistrate judge, Davis entered a plea of guilty to Count I of the Superseding Indictment.

After being sworn, Davis was orally examined by the undersigned magistrate judge in open court as required by Federal Rule of Criminal Procedure 11. Davis also was given the advice required by that Rule. Finally, Davis was given a full opportunity to address the court and ask questions.

Counsel for the government and counsel for Davis were given the opportunity to suggest additional questions by the court. Moreover, both counsel orally certified that they were of the opinion that the plea was knowing, intelligent and voluntary, and that there was a factual basis for Davis's plea of guilty to Count I of the Superseding Indictment.

Therefore, I find and conclude that: (1) the plea is knowing, intelligent, and voluntary; (2) there is a factual basis for the plea; (3) the provisions of Rule 11 and any other provisions of the law governing the submission of guilty pleas have been complied with; (4) a petition to enter a plea of guilty, on a form approved by the court, was completed by Davis, Davis's counsel and counsel for the government, and such petition was placed in the court file; (5) the plea agreement is in writing and is filed in the court file; (6) there were no other agreements or stipulations other than as contained in the written plea agreement except as noted on the record.

**IT IS RECOMMENDED TO JUDGE LAURIE SMITH CAMP that:**

1. She accept the guilty plea and find the defendant, Brian M. Davis, guilty of the crime set forth in Count I of the Superseding Indictment to which Davis tendered a guilty plea;

2. She not accept the written plea agreement at this time as it contains a provision under Fed. R. Crim. P. 11(c)(1)(C), but rather she consider the agreement at the time of sentencing.

**ADMONITION**

Pursuant to NECrimR 57.3 any objection to this Report and Recommendation shall be filed with the Clerk of the Court within ten (10) days after being served with a copy of this Report and Recommendation. Failure to timely object may constitute a waiver of any such objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

DATED this 30th day of June, 2005.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge