IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:04CR432** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| | ) | |
| **BRIAN M. DAVIS,** | ) | |
| | ) | |
| Defendant. | ) | |

The Court has received the Revised Presentence Investigation Report ("PSR"), the Defendant's objections (Filing Nos. 110, 120)[1], and the government's objections (Filing No. 117)  *See* Order on Sentencing Schedule, ¶ 6.  The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 2005 WL 50108 (U.S. Jan. 12, 2005), the sentencing guidelines are advisory.

The plea agreement includes a provision pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that the drug quantity that could be proven beyond a reasonable doubt is at least 1.5 but less than 5 kilograms of a substance containing methamphetamine and, therefore, the base offense level should be 34.  The PSR includes a drug quantity totaling the equivalent of 49,795.6 kilograms of marijuana, resulting in base offense level 38.

Both parties object to the drug quantity and base offense level included in ¶ 43.  The Defendant also objects to ¶¶ 51 and 52, 56, 14-37, 43, 48, 50, 64, 65, 66 and 105, although the only objections apparently submitted to the probation officer pursuant to ¶ 4 of the Order on Sentencing Schedule related to drug quantity.  The Defendant did not submit any legal authority in support of his objections.  The objections are discussed below.

---

[1]The objections at Filing No. 120 appear to supersede those at Filing No. 110.

**¶ 43 - DRUG QUANTITY**

The Court's tentative findings are that, absent unusual circumstances, the Rule 11(c)(1)(C) plea agreement should be upheld, the drug quantity is at least 1.5 but less than 5 kilograms of a substance containing methamphetamine, and the base offense level is level 34.

**¶¶ 51, 52, 56, 59 - CAREER OFFENDER STATUS**

The Defendant objects to his career offender status as described in ¶¶ 51 and 52, arguing: the convictions in ¶¶ 56, 59 and 62 are not crimes of violence; and the convictions in ¶¶ 56 and 59 are too old and should not be counted.

*Controlled Substance Offense*

In Davis's case, the conviction in ¶ 62 is not a crime of violence. However, the offense is a felony controlled substance offense. Therefore, the offense meets the criteria of a qualifying offense for career offender purposes. U.S.S.G. § 4B1.1(a).

*Crimes of Violence*

U.S.S.G. § 4B1.1(a) states that a defendant is a career offender if, among other requirements, the defendant has at least two prior felony convictions that fall within the categories of crimes of violence or controlled substance offenses. A "crime of violence" is defined as a federal or state offense punishable by a term of imprisonment exceeding one year that:

>   (1)   has an element the use, attempted use, or threatened use of physical force against the person of another; or
>   (2)   is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a).

The felony conviction in ¶ 56 is for second degree burglary of a school. A school burglary, in and of itself, does not necessarily qualify as a crime of violence. *United States v. Steverson,* 2005 WL 1123517, at *141 n.2 (11th Cir. Apr. 18, 2005). The PSR does not include information sufficient for the Court to make a determination as to whether the offense described in ¶ 56 is a "crime of violence" for career offender purposes. Had the objection been timely presented to the probation officer, the probation officer would have addressed the issue in the Addendum to the PSR. However, this issue appears moot because the Court finds that the offenses in ¶¶ 59 and 62 qualify as crimes of violence for purposes of the career offender enhancement. Although this issue is moot, the Court adds that the conviction is not "too old," as the sentence was imposed for the prior conviction on April 28, 1992, well within fifteen years of Davis's apparent commencement of the instant offense.[2] Moreover, on October 18, 1993, due to a probation violation Davis was ordered imprisoned as part of his sentence on the prior conviction within the fifteen-year period. This period of imprisonment within the fifteen-year period alone is sufficient to find that the prior conviction fits within the fifteen-year period. U.S.S.G. § 4A1.2(e)(1). The objections to ¶ 56 are denied.

With respect to the offense described in ¶ 59, a second degree burglary of an occupied commercial automobile, the PSR states that the vehicle was occupied. Therefore, the Court's tentative finding is that because the vehicle was occupied the conduct presented potential risk of physical injury to another and therefore falls within the

---

[2] Davis pleaded guilty to Count I of the Superseding Indictment, which charged a conspiracy beginning on or about January of 2003. Davis did not submit a version of the offense or provide the Court with an alternate date of his initial involvement in the offense.

3

definition of a "crime of violence." The conviction is not "too old," for the same reasons stated above with respect to ¶ 56. The objections to ¶ 59 are denied.

### ¶¶ 14-37

Davis does not state the basis for his objection(s) to these paragraphs. Paragraphs 14-27 contain the government's version of the offense. The Court is not at liberty to change these paragraphs.

Paragraph 28 states that Davis did not submit a version of the offense. Davis has not contradicted this statement by way of assertion or evidence.

Paragraphs 29-36 refer to reports and the calculation of the drug quantity. To the extent that the paragraphs reflect a drug quantity in excess of that agreed to in the Rule 11(c)(1)(C) plea agreement, the objection is granted. Otherwise, the objection is denied.

Paragraph 37 states that information does not support a role adjustment. Davis has not submitted a version of the offense or other information indicating that he is entitled to a role reduction. The objection is denied.

### ¶ 65 - Recency

Davis objects to the two additional criminal history points assessed for recency pursuant to U.S.S.G. § 4A1.1(c) because he committed the instant offense within two years after release from imprisonment on a sentence counted under § 4A1.1(a) or (b). Davis was released from the Iowa Department of Corrections on December 12, 2003 after serving a term of imprisonment on offenses described in ¶¶ 56 and 59. (PSR, ¶ 65.) Davis has not submitted contradicting information. The objection is denied.

*Remaining Objections*

Davis's remaining objections need not be addressed, as they regard paragraphs relating to the objections discussed above.

IT IS ORDERED:

1. The Defendant's Objections to the Presentence Investigation Report (Filing No. ) are granted in part and denied in part as discussed above;

2. Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

3. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

4. Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final; and

5. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 7th day of September, 2005.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge